UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELISE LESLIE                              CIVIL ACTION

VERSUS                                    NO: 13-4791

SHELL CHEMICAL LP, ET AL.                 SECTION: "J" (4)


<u>**ORDER AND REASONS**</u>

Before the Court is Defendants' **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 15)**, Plaintiff's opposition thereto (Rec. Doc. 16), and Defendants' reply (Rec. Doc. 20). Defendants' motion was set for hearing on August 14, 2013, on the briefs. The Court, having considered the motions and memoranda of counsel, the record, and the applicable law, finds that Defendants' motion should be **GRANTED in part and DENIED in part** for the reasons set forth more fully below.

<u>**PROCEDURAL HISTORY AND BACKGROUND FACTS**</u>

This matter arises out of wrongful death, survival, and

1

product liability claims under Louisiana state law.[1] Elise Leslie ("Ms. Leslie") brought this action both individually and on behalf of her father, Bruce W. Leslie, ("Mr. Leslie") against Defendants Shell Oil Company and Shell Chemical, LP ("Defendants"). Ms. Leslie alleges that from 1946 through 1985, during the course of Mr. Leslie's employment at Automotive Service in New Orleans, he was exposed to benzene and benzene-containing products while performing his duties, which included pumping gas and performing various maintenance, repair, and cleaning services. (Complt., Rec. Doc. 1, ¶ 6-7) Ms. Leslie alleges that the benzene-containing products were manufactured, supplied, distributed, and sold by Defendants. (Complt., Rec. Doc. 1, ¶ 8)

Ms. Leslie alleges that over the course of Mr. Leslie's employment, he sustained tissue damage that resulted in "distinct bodily injuries in each year from 1946 through 1985." (Complt., Rec. Doc. 1, ¶ 10). Ms. Leslie alleges that, in 2005, Mr. Leslie was diagnosed with myelodysplastic syndrome ("MDS"), and that he died from this disease in December 2005 without knowing the

---

[1] Plaintiff alleges, and Defendants do not challenge, that the Court has diversity jurisdiction over these state law claims pursuant to 28 U.S.C. § 1332. Defendants are incorporated in Delaware with their principal place of business in Texas, and Plaintiff is a Louisiana resident. Plaintiff pleads damages in excess of $75,000.

cause. (Complt., Rec. Doc. 1, ¶ 37) Ms. Leslie alleges that she learned that her father's MDS was connected to benzene exposure in May 2013. (Complt., Rec. Doc. 1, ¶ 37)

Ms. Leslie alleges that "Industry Groups in Petroleum refining and manufacturing and Medical groups have recognized the health hazards of benzene for over one hundred years," but failed to communicate "this information to the average worker." (Complt., Rec. Doc. 1, ¶ 11) In light of the longstanding industry and medical studies concerning the ill effects of benzene, Ms. Leslie alleges that Defendants "knew or should have known of the health hazards inherent in the products they manufactured, distributed, sold, supplied, owned, transported, or used." (Complt., Rec. Doc. 1, ¶ 12) Ms. Leslie alleges that, because of this actual or constructive knowledge, Defendants actions and inactions give rise to numerous bases for her wrongful death and survival claims, including: negligence; gross negligence; negligent misrepresentation; and concealment, suppression, and/or omission of material information about the health hazards associated with benzene. Ms. Leslie also asserts a product liability claim. Ms. Leslie prays for compensatory damages in connection with her tort claims.

Ms. Leslie alleges that the prescriptive period on her tort claims did not begin to run until she knew or should have known that Mr. Leslie's illness was caused by benzene exposure. (Complt., Rec. Doc. 1, ¶ 37) Ms. Leslie claims that, as is common withe benzene related illnesses, Mr. Leslie's disease took years to develop, and that, when it did develop, not even physicians linked the disease to benzene exposure. (Complt., Rec. Doc. 1, ¶ 37) Ms. Leslie alleges that, because she first learned of the connection in May 2013, the prescriptive period on all of her claims began to run at that time. (Complt., Rec. Doc. 1, ¶ 37)

**PARTIES' ARGUMENTS**

**A. Defendant's Motion**

Defendants seek dismissal of Ms. Leslie's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, Defendants seek a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

**1. Motion to Dismiss Pursuant to FED. R. CIV. PRO. 12(b)(6)**

Defendants argue that this case must be dismissed because the complaint was filed more than seven years after Mr. Leslie's death, rendering all of Ms. Leslie's claims time-barred on their face. Defendants argue that Ms. Leslie's survival action is perempted because case law, including the opinion in Winningkoff

4

v. American Cyanamid, 99-3077, 2000 WL 235648 (E.D. La., Mar. 1, 2000), indicates that the one year period to bring a survival action is a peremptive period, not a prescriptive period. As such, Defendants argue that once the one year peremptive period ends, the substantive rights associated with the claim are extinguished. Citing to Louisiana Civil Code Article 3461, Defendants argue that, unlike a prescriptive period, a peremptive period cannot be interrupted, renounced, or suspended, and that in Ayo v. Johns-Manville Sales Corportation, 771 F.2d 902, 907-08 (5th Cir. 1985), the Fifth Circuit upheld the district court's decision that *contra non valentem* does not apply to peremptive periods.

Defendants assert that Ms. Leslie's product liability and wrongful death claims are subject to a one year prescriptive period, and that Ms. Leslie does not meet her burden of proving that such claims have not prescribed. Defendants argues that, pursuant to Bailey v. Khoury, 04-0620 (La. 1/20/05); 891 So. 2d 1268, 1275, when a claim is facially prescribed, as is the case here, the plaintiff bears the burden of proving that the period was suspended or interrupted and that her claims have survived. Defendants allege that "generic, self-serving, and unsupported allegations regarding *contra non valentem*" do not meet this

burden of proof. (Def.'s Mot., Rec. Doc. 15, p. 10) Defendants further argue that *contra non valentem* will not apply in this case because (a) it should be applied sparingly, and (b) Ms. Leslie had constructive knowledge of her cause of action long before she filed her complaint. Defendants contend that Ms. Leslie's claim that she did not know about the link between her father's illness and benzene exposure is contradicted by her allegations that the ill effects of benzene were widely published and known. Defendants argue that Ms. Leslie cannot argue that the facts were concealed if such concealment "is contradicted by published documents which expressly set forth the very facts allegedly concealed." In re Ford Motors Co. Bronco II Prod. Liab. Litig., 982 F. Supp. 388, 396-97 (E.D. La. 1997).

### 2. Motion for a More Definite Statement Pursuant to FED. R. CIV. PRO. 12(e)

Defendants argue that, if Ms. Leslie's claims are not dismissed, they are at least entitled to have the Court order Ms. Leslie to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Defendants argue that Ms. Leslie does not provide the "who, what, where, when, and why" that they need to properly respond. Defendants assert that Ms. Leslie does not provide: (a) the full legal name of Mr. Leslie's employer, but rather refers to "Automotive Service", (b) the specific

location of the employer, (c) any of the products connected to Defendants to which Mr. Leslie was allegedly exposed, (d) the type of injuries Mr. Leslie suffered while working, or (e) when these injuries were diagnosed and treated. Defendants further allege that the Plaintiff's complaint does not allege sufficient information with which to determine (a) what duty they allegedly breached, (b) what the breaching conduct is, (c) which law to apply, and (d) whether Ms. Leslie is allowed to assert her claims. Defendants assert that in <u>Verret v. North Star Marine</u>, 09-3442, 2009 WL 3614502 (E.D. La., Oct. 28, 2009) (Roby, Mag. J.), the court granted such a motion where the complaint only alleged that the plaintiff was electrocuted at work two years prior, determining that the complaint needed more facts concerning how he was electrocuted and what products he was using. Defendants urge the Court to find that the instant complaint alleges far less. Defendants also cite to <u>Bitte v. United Companies Lending Corp.</u>, 06-5658, 2006 WL 3692754 (E.D. La., Dec. 11, 2006) (Englehardt, J.), which required a pro se plaintiff to amend her complaint to allege the "who, what, where, when, why, and how."

**B. Plaintiff's Opposition**

Plaintiffs oppose the instant motion, arguing that (a)

Defendants erroneously determined that survival actions are subject to a peremptive period rather than a prescriptive period, (b) fraud and misrepresentation tolls the one year prescriptive period, (c) *contra non valentem* applies to Ms. Leslie's wrongful death claim, and (d) Ms. Leslie's fraud claims are alleged with sufficient particularity.

**1. Motion to Dismiss Pursuant to FED. R. CIV. PRO. 12(b)(6)**

Ms. Leslie cites to many cases in support of her contention that the authority relied upon by Defendants to argue that her survival action is subject to a peremptive period are based on old law; and, that since a 1986 amendment, survival actions are subject to a prescriptive period, as evidenced by the recent decision in <u>Watkins v. Exxon Mobil Corp.</u>, 12-0477, 2013 WL 2353804 (La. App. 4 Cir. 5/29/13). Moreover, even if her survival claim is subject to a peremptive period, Ms. Leslie contends that it may still be tolled by fraud as was the case in <u>Evans v. Canadianoxy Offshore Production Co.</u>, 98-0835 (La. App. 3 Cir. 12/09/98), 730 So. 2d 466, wherein the court determined that *contra non valentem* applied to interrupt peremption on a survival action when plaintiffs delayed filing until 16 years after the decedent's death because they alleged that the defendant concealed information and because they did not know they had a

claim until they heard about a lawyer who handled carcinogenic chemical cases. Ms. Leslie argues that her allegations of fraud are sufficiently pleaded, claiming that under <u>U.S. ex rel Mary Jane Stewart v. The Louisiana Clinic</u>, 99-1767, 2002 WL 257690, *2 (E.D. La. 2002), Rule 9 "requires a plaintiff to plead with particularity the circumstances constituting fraud, but allows knowledge, intent, and malice to be averred generally."

Ms. Leslie alleges that Defendants' fraud and misrepresentation also tolls the prescriptive period on her wrongful death claim. Additionally, Ms. Leslie contends that, under <u>Cole v. Celotex Corp.</u>, 620 So.2d 1154, 1156 (La. 1993), mere knowledge of a disease does not commence the prescriptive period, but rather it begins to run when it was reasonable for the plaintiff to suspect tortious conduct. Ms. Leslie argues that, taking the facts alleged in her complaint as true, there is sufficient proof that Ms. Leslie did not have reason to believe that Defendants engaged in tortious activity until May 2013.

Finally, Ms. Leslie argues that if the motion to dismiss is granted, she should be granted leave to amend her complaint.

**2. Motion for a More Definite Statement Pursuant to FED. R. CIV. PRO. 12(e)**

Ms. Leslie contends that Defendants' 12(e) motion must be denied because her complaint alleges sufficient facts under the

<u>Twombly</u> plausibility standard. Ms. Leslie contends that Defendants' reliance on <u>Ashcroft v. Iqbal</u> is misplaced because that case involved a heightened pleading standard for cases involving qualified immunity.

In regards to the specific deficiencies claimed, Ms. Leslie argues that Mr. Leslie was a self-employed mechanic at a location whose legal name was "Automotive Service," however the service station no longer exists. Moreover, Ms. Leslie argues that she pleaded enough information regarding Mr. Leslie's injuries to put Defendants on notice of her claims, and that further information is best reserved for discovery.

**C. Defendants' Reply**

In their reply, Defendants assert that Ms. Leslie's opposition erroneously discussed fraud claims that were not discussed in the motion to dismiss and that were never alleged in Ms. Leslie's complaint. Defendants also contend that Ms. Leslie's argument that her complaint should not be held to plausibility pleading standards is flawed because, in federal court, all complaints are subject to the <u>Twombly/Iqbal</u> plausibility standards.

Defendants re-assert their argument that survival actions are subject to a peremptive period and contend that (a) Ms.

Leslie failed to explain federal precedent that holds the same, and (b) relies solely on Waktins, which is being appealed and is in direct contravention of jurisprudence in other Louisiana circuits. Defendants then argue for the first time that, pursuant to Frank v. Shell Oil Co., 11-871, 2012 WL 1230736 (E.D. La., Apr. 12, 2012) (Fallon, J.), the court held that the law in effect at the time of the decedent's significant causative exposure applies, meaning that in this case, pre-1985 law applies. Defendants further argue that it is clear, and that Ms. Leslie concedes that, survival actions were subject to peremptive periods prior to 1986, thus her survival action is barred.

Defendants also re-assert that Ms. Leslie's wrongful death action is prescribed and that she fails to meet the heavy burden of proving that prescription was interrupted. Defendants assert that contra non valentem will not apply because there was no fraud on the part of Shell and because Ms. Leslie had a reasonable opportunity to learn of the connection between Mr. Frank's illness and his benzene exposure.

Finally, Defendants re-assert that they are entitled to relief under Federal Rule of Civile Procedure 12(e), arguing that inserting key information into an opposition, such as the fact that Mr. Leslie was self-employed, does not remedy the

11

insufficiencies of the complaint.

## LEGAL STANDARD

### A. Motion to Dismiss Pursuant to FED. R. CIV. PRO. 12(b)(6)

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as

factual allegations. Iqbal, 556 U.S. at 678.

**B. Motion for a More Definite Statement Pursuant to FED. R. CIV. PRO. 12(e)**

Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement when "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED. R. CIV. P. 12(e). A party, however, may not use a Rule 12(e) motion as a substitute for discovery. See Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959). As a result of the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored. See id. Rule 12(e) is ordinarily restricted to situations where a pleading suffers from "unintelligibility rather than want of detail." 2A MOORE'S FED'L PRAC. ¶ 12.18[1], at 2389 (2d ed. 1985).

<u>DISCUSSION</u>

**A. Motion to Dismiss Pursuant to FED. R. CIV. PRO. 12(b)(6)**

The determination of whether to grant Defendants' motion to dismiss hinges on two main issues: (1) whether a survival action is subject to a prescriptive or peremptive period, and (2) whether contra non valentem will apply to interrupt prescription. The parties cite to a litany of cases in support of their positions on these two issues; however, counsel for both sides of

13

this matter ignore one very important, and hopefully very familiar, case: <u>Lois Frank v. Shell Oil Company</u>, 828 F.Supp.2d 835 (E.D. La. 2011).[2] While this Court is not bound by the decisions of other district courts, the Court finds the opinion in <u>Frank</u> to be instructive and well-reasoned.

The facts and issues in <u>Frank</u> are nearly identical to the instant matter. The plaintiff in <u>Frank</u> was the surviving spouse of a Shell Norco employee who was allegedly exposed to benzene and who died from ALL Leukemia without knowing the cause of his disease.<u>Frank</u>, 828 F.Supp.2d at 840-41 His wife, also unaware of the connection between Mr. Frank's benzene exposure and his illness, did not file suit against Shell until nearly eight years after his death. <u>Id</u>. at 841. In addition to these factual similarities, large sections of the <u>Frank</u> complaint, including the parts of the complaint relevant to the issues before the Court today, are identical to Ms. Leslie's complaint. <u>Id</u>. at 842. Therefore, the Court will analyze the instant motion though the lens of <u>Frank</u>.

---

[2] Counsel for all parties in this case should be well aware of the ruling in this case, as the parties in <u>Frank</u> were represented by the substantially the same attorneys as are Ms. Leslie and the Shell Defendants in the instant matter.

**1. Limitations on Survival Actions**

"As a threshold matter, the Court recognizes that "Louisiana law controls ... a federal court sitting in diversity." <u>Frank</u>, 828 F. Supp. 2d at 841. Following an amendment of Louisiana's code provision governing survival actions, whether a survival action is subject to a prescriptive or preemptive period presents a very murky issue in Louisiana. Both sides in this matter present copius case law supporting their respective arguments; and, an independent review of the case law reveals that there simply is not a consensus on this issue in either state or federal court. This precise issue need not be determined today, however, as <u>Frank</u> determined just last year that pre-1986 amendment law applies to cases such as the instant matter.

On original hearing, the <u>Frank</u> court determined that, though older case law basing its opinion on a pre-1986 version of the Code article at issue held that a survival action is subject to a peremptive period, the statute now uses the words "prescriptive period" and modern jurisprudence recognizes that it's a prescriptive period. <u>Frank</u>, 828 F.Supp. at 845-846. Following this ruling, however, Shell filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure Rule 59(e), and the motion was granted in part. <u>Frank v. Shell Oil Co.</u>, 11-

871, 2012 WL 1230736 (E.D. La., Apr. 12, 2012) (Fallon, J.)
("Frank Reconsideration"). In this motion, Shell argued for the
first time that the law at the time of the decedent's exposure
must be applied to survival actions, meaning that the prior
version of the Louisiana Civil Code article that created a
survival action, and it was clear that the older version was
subject to a peremptive period. Frank Reconsideration, 2012 WL
1230736 at *3. Accepting this reasoning as valid, the Frank court
determined that the plaintiff's survival action was barred
despite the validity of plaintiff's *contra non valentem* argument
because peremptive periods may not be interrupted or suspended.
Id. at *4; see also Ayo, 771 F.2d 902, 907-08.

In their reply to the instant motion, Defendants urge the
Court to consider pre-1986 law to bar Ms. Leslie's survival
claim, and the Court, finding the reasoning in Frank to be sound,
agrees. Therefore, because Mr. Leslie was exposed to benzene from
1946 until 1985, and because the Court must apply the law in
effect at the time of his exposure, it is clear that any survival
action brought on behalf of Mr. Leslie is subject to a peremptive
period of one year that cannot be interrupted or suspended. Thus,
Ms. Leslie was required to have brought her survival action
within one year of Mr. Leslie's death. Because the survival

16

action was brought outside of this one year period, the survival action is untimely and must be dismissed. Ms. Leslie's argument that Evans will apply even if the limiting period is peremptive also fails as the Court determines below that Evans is distinguishable and does not apply to the instant facts.

Ms. Leslie requested leave to amend her complaint in the event that the Court found merit in the instant motion. It appears that there are no facts that could be added to the complaint that would be able to save Ms. Leslie's survival action, making an amendment futile. Ms. Leslie's request for leave to amend is therefore denied.

### 2. *Contra non valentem*

Even though the Ms. Leslie's survival action is barred by peremption, her wrongful death and product liability claims are subject to a one year period of prescription that may be interrupted by *contra non valentem*. Again, the Frank court ruled on this issue, and the Court finds its analysis instructive. The Frank court outlined the law as follows:

> The Louisiana Supreme Court has recognized four instances in which the doctrine applies to prevent the running of prescription. Plaintiff urges two of these instances in opposition to Shell's Motion. The first type is where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action. The second is where the cause of action is not known or reasonably knowable by

>the plaintiff, even though this ignorance is not
>induced by the defendant. The Court is to weigh the
>equitable nature of the circumstances in each
>individual case to determine whether prescription will
>be tolled.

Frank, 828 F. Supp. 2d at 842-43 (internal citation omitted).

In Frank, the court reasoned that *contra non valentem* based on fraud did not apply because there was no affirmative action taken to hide the effects of benzene, but that *contra non valentem* based on ignorance of the plaintiff did apply. Id. at 843-45. The Frank court found that there was no evidence in the complaint proving that (a) the plaintiff had access to the information about benzene's effects, (b) that she was given a warning, or (c) that a lay person from outside of the medical or science field would make the connection between the decedent's death and his exposure to benzene. Id. at 845. Therefore, *contra non valentem* would apply to interrupt prescription, making the plaintiff's wrongful death and product liability claims timely.[3] Id. at 844-45.

The court finds that the same logic applies to the instant matter. Ms. Leslie's complaint does not allege any facts that would allow her to avail herself to the doctrine of *contra non*

---

[3] Note that the Frank plaintiff's complaint was dismissed on other grounds not at issue in this case (specifically that the plaintiff's claims were barred by the Louisiana Worker's Compensation Act).

*valentem* based on fraud because there is no indication in the complaint that Shell lied to Mr. Leslie or deliberately hid information. Ms. Leslie urges the Court to analogize the instant matter to Evans, 730 So. 2d at 467. In Evans, the allegation of fraud was that the employer "notified its employees that it was having a study performed by the Memorial Sloan Kettering Institute to study cancers in the workplace of petrochemical workers and that [the employer] would contact them when results were obtained." Id. at 467. The family assumed that, because they were never contacted, there was no connection, and alleged that the employer concealed the results of the study. The Evans court found that the plaintiffs "pleaded and demonstrated by affidavits that the defendants affirmatively and deliberately withheld knowledge they had promised to reveal that plaintiffs possessed a cause of action and that this fraud prevented the exercise of their rights." Id. Ms. Leslie does not allege similar facts, but rather she generally states that Shell failed to inform and educate employees about the effects of benzene, or that they failed to take precautions to prevent illness and injury among those members of the public exposed to their benzene-containing products. Therefore, as was the case in Frank, this type of *contra non valentem* will not apply to interrupt prescription.

19

Though Ms. Leslie has not persuaded the court that the doctrine of *contra non valentem* on the basis of fraud applies, the Court finds that *contra non valentem* based on ignorance of the plaintiff does apply.[4] As was determined in <u>Frank</u>, using nearly the same complaint that this Court is faced with, Ms. Leslie alleges (1) that she never heard or saw anything that would connect Mr. Leslie's disease to benzene exposure, (2) that reports about the effects were circulated in certain groups of which she was not a part, and not among the general public, and (3) that not even her father's physician made the link. Therefore, it is not reasonable to expect Ms. Leslie to have known that she had a claim from the moment of diagnosis, and the Court sees no reason to discredit her assertion that she did not know about the connection until May 2013. Therefore, *contra non valentem* will serve to interrupt prescription on Ms. Leslie's wrongful death and product liability claims. Prescription began to run in May 2013 when Ms. Leslie discovered the connection between benzene and MDS, making her June 2013 complaint timely. Therefore, Defendants' motion to dismiss must be denied as to Ms.

---

[4] Because Ms. Leslie need not rely on *contra non valentem* based on fraud, Defendants argument that Ms. Leslie's fraud allegations are non-existant, and Ms. Leslie's argument that she pleaded fraud with sufficient particularity are moot and the Court will not render an opinion on the merits of either argument.

Leslie's wrongful death and product liability claims.

**B. Motion for a More Definite Statement Pursuant to FED. R. CIV. PRO. 12(e)**

Defendants assert that Ms. Leslie does not provide enough information in her Complaint to allow them to file an answer; thus the Court should order Ms. Leslie to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

Rule 12(e), however, is reserved for pleadings that suffer from "unintelligibility rather than want of detail." 2A MOORE'S FED'L PRAC. ¶ 12.18[1], at 2389 (2d ed. 1985). Ms. Leslie has answered the "who, what, where, when, why, and how," that Defendants demand. Ms. Leslie alleges that Shell knew about the risks of benzene and failed to inform Mr. Leslie about these while he worked at Automotive Service in New Orleans from 1946-1985, which conduct amounted to negligence for which Shell is liable. The Court finds that the answers to Defendants' questions, listed above, may be just as well answered, if not better answered, in discovery than they would be through an amendment of the complaint. See Mitchell, 269 F.2d at 132 (A party may not use a Rule 12(e) motion as a substitute for discovery.). Therefore, the Defendants' motion for a more definite statement is denied.

21

Accordingly,

**IT IS ORDERED** that Defendants' **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 15)** is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that Plaintiff's survival action, brought under Louisiana Civil Code Article 2315.1, is **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that Defendants' **Motion for a More Definite Statement Pursuant to Rule 12(e)** is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's request for leave to amend is **DENIED.**

New Orleans, Louisiana this 23rd day of August, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE